**ESTATE OF Yael BOTVIN by and through its Administrator Russell ELLIS, Esq. et al, Plaintiffs,**

v.

**ISLAMIC REPUBLIC OF IRAN et al., Defendants.**

**Civil Action No. 05–0220(RMU).**

United States District Court, District of Columbia.

Sept. 24, 2007.

---

Richard D. Heideman, Tracy Reichman Kalik, Heideman Nudelman & Kalik, P.C., Steven R. Perles, Perles Law Firm, P.C., Washington, DC, for Plaintiffs.

### MEMORANDUM ORDER

#### GRANTING IN PART AND DENYING IN PART THE PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

URBINA, District Judge.

Pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, the plaintiffs bring claims of wrongful death, survival, intentional infliction of emotional distress, solatium and punitive damages against Iran for sponsoring the September 4, 1997 triple suicide bombing of an Israeli shopping mall, which resulted in the death of then-fourteen-years-of-age Yael Botvin—sister to the plaintiffs Tamar Botvin and Michal Botvin and daughter to plaintiff Julie Goldberg–Botvin. This matter comes before the court on the plaintiffs' motion for the court to take judicial notice and enter a default judgment as to the liability of the defendants for the aforementioned terrorist attack.

After the plaintiffs filed proof of service and the defendants failed to respond, the clerk of the court entered default. The plaintiffs then filed this motion, requesting the court to take judicial notice of the Findings of Facts and Conclusions of Law set forth in *Campuzano v. Islamic Repub-*

*lic of Iran,* Civ. No. 00–2328 (D.D.C. Sept. 10, 2003), in which the court found the same defendants liable for the bombing in question. The plaintiffs propose that "as this Court has already heard and ruled on the issues involving the Defendants' liability for carrying out the bombing that caused the death of Yael Botvin ... this Court [should] take judicial notice of ... *Campuzano* ... thereby obviating the need for a separate trial on liability." Pls.' Mot. to Take Judicial Notice of This Court's 10 September 2003 Findings of Fact and Conclusions of Law in a Related Case ("Pls.' Mot. for Judicial Notice") at 2–3.

Pursuant to FSIA, a court may not enter a default judgment against a foreign state "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e); *Roeder v. Islamic Republic of Iran,* 195 F.Supp.2d 140, 159 (D.D.C.2002) (requiring evidence on each element of claims). In evaluating the plaintiff's proof, a court contemplating entry of default judgment may accept as true the plaintiff's uncontroverted evidence, which may take the form of sworn affidavits or prior transcripts. *Greenbaum v. Islamic Republic of Iran,* 451 F.Supp.2d 90, 94–95 (D.D.C. 2006). Such evidence may include judicial notice of findings and conclusions of related proceedings in cases before the same court. *Estate of Heiser v. Islamic Republic of Iran,* 466 F.Supp.2d 229, 262–63 (D.D.C.2006).

The plaintiffs request a default judgment on liability despite having proffered no evidence other than the *Campuzano* findings and conclusions. *See generally* Pls.' Mot for Judicial Notice. Those findings and conclusions suffice to establish the defendants' guilt in perpetrating the attack in question, *see id.,* but, as the *Campuzano* case involves different plaintiffs, they do not suffice to establish the impact of the attack on the plaintiffs. The identity of the plaintiffs, their relationship with the deceased and the impact of the bombing upon them goes not only to establishing damages but also liability. *See, e.g.,* Compl. at ¶ 32, 35 (providing unsubstantiated allegations of Yael Botvin's death and the plaintiffs' status as her beneficiaries). The court will, therefore, take judicial notice of the *Campuzano* findings and conclusions per the plaintiffs' request, but it will not enter a default judgment at this time. In lieu thereof, the court will permit the plaintiffs to file competent written and documentary evidence with the court establishing each element of their particular claims as to both liability and damages.

Accordingly, it is this 24th day of September 2007 hereby,

**ORDERED** that the plaintiffs' motion for judicial notice is **GRANTED in part and DENIED in part.** The court takes judicial notice of the *Campuzano* Findings of Fact and Conclusions of Law; and it is

**FURTHER ORDERED** that the plaintiffs shall submit competent evidence on the elements of the claims as well as damages on or before March 21, 2008.

**SO ORDERED.**